IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-54,946-09, WR-54,946-12, & WR-54,946-13






EX PARTE GARY EDWARD BROCK SR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 10518, 10523, & 10516 IN THE 29TH DISTRICT COURT


FROM PALO PINTO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated sexual assault of a child and one count of indecency with a child by contact. He was
sentenced to thirty-six years' imprisonment for each aggravated sexual assault and to twenty years'
imprisonment for the indecency with a child. He did not appeal his convictions. 

 Applicant contends that his pleas were involuntary because, inter alia, his pleas were induced
by improper threats from his attorney. Specifically, he alleges that his lawyer had him sign "blank
forms" and, among other things, threatened that he would work with the District Attorney's office
to have Applicant sentenced for the maximum punishment. Applicant also alleges that witness
statements saying he was innocent were sent to the jail, but were apparently suppressed by jail
personnel. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to respond to Applicant's claims that his pleas were rendered
involuntary because of counsel's alleged threats and ineffectiveness. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his pleas were involuntary due to counsel's ineffectiveness. Specifically, the trial court
shall make findings of fact addressing Applicant's allegation that his lawyer had him sign "blank
forms" and threatened that he would work with the District Attorney's office to have Applicant
sentenced for the maximum punishment. The trial court shall also make specific findings of fact as
to Applicant's allegations that jailers suppressed exculpatory statements and trial counsel failed to
discover such statements. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the orders granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law and
any court documents associated with Applicant's guilty pleas, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: April 6, 2011

Do not publish